■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ANDINE, Also Known as SCOOTERMORE, Also Known as PRINCE SMITH, Appellant. [624 NYS2d 594] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J., at *Wade* hearing; Renee A. White, J., at plea and sentence), rendered March 18, 1992, convicting defendant, upon his guilty plea, of assault in the first degree and sentencing him to an indeterminate term of imprisonment of from three to nine years, reversed, on the law and on the facts, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

The only issue on appeal is whether a pre-indictment delay of four years and seven months in locating defendant, known to the victim, described to the police and identified by her in a photograph, deprived defendant of his due process right to a prompt prosecution and requires dismissal of the indictment. The indictment arises out of an August 25, 1986 incident in which defendant, in the vicinity of 219 Edgecombe Avenue, allegedly struck Kim Oates in the eye with a bottle, causing the loss of the eye. That evening, the victim told the investigating detective that she had seen the assailant in the area around 145th Street and Edgecombe Avenue, where he "hung

out", almost daily for the past two years, and that he was Jamaican and known as "Prince" and "Scootermore". Shortly after the incident, she viewed photographs of suspects at the precinct on two occasions. The second time, she identified defendant from a "street picture" as the perpetrator. She and the investigating detective canvassed the area unsuccessfully three or four times. The same detective closed the investigation six weeks after the incident, in October 1986. When the victim returned to the 145th Street and Edgecombe Avenue area in December of 1987, after living in New Jersey for approximately one year, she called the precinct and asked to have the case re-activated. She failed, however, to come to the station house to fill out a new report, as requested. Although the victim saw defendant in the area in 1988, she never called the police. Approximately three years later, in January or February of 1991, another detective called the victim to ask if she was still interested in pressing charges. She answered that she was and testified before the Grand Jury about the incident. Defendant was charged with assault in the first and second degrees in an indictment filed on March 6, 1991.

At the hearing on whether defendant had been denied his constitutional right to a speedy prosecution, defendant, a self-professed cocaine user and seller of marijuana, testified that he could not remember where he was on August 25, 1986 at 6:00 P.M. According to defendant's "rap sheet", he had been arrested nine times on drug related misdemeanor charges between 1986 and 1991 and, as early as 1988, used the name "Prince" when arrested. Defendant had been incarcerated for two months in 1987, for two months again in 1988 and sentenced to a five-year term of probation in September 1989, all in connection with charges brought in New York County.

The court denied defendant's motion to dismiss the indictment, finding that the police "were not in any position to know exactly where this defendant was before 1990 and 1991," so that "any delay by the police occurred in 1990 until they presented the case to the Grand Jury." The court went on to say that the pre-indictment delay, while lengthy, was not attributable "to any significant degree at all to the police or to the District Attorney." The court further found that any prejudice to defendant was minimal because he could argue loss of memory and loss of contact with witnesses to the jury. We reverse.

In view of the considerable delay involved herein, the People had the burden of showing that it was justified. (*People v Lesiuk,* 81 NY2d 485, 490.) In order to do so, they had to

show that they made diligent efforts to locate defendant. This they failed to do. As this record discloses, their efforts to locate defendant were, at best, minimal. Their efforts were limited to a canvassing of defendant's neighborhood four times, obtaining a photographic identification of him and telling the victim to call if she saw defendant. They had defendant's photograph, knew his aliases and where he "hung out." Notwithstanding, the detective in charge closed the case file after only six weeks. Moreover, during the 55-month delay, defendant was repeatedly arrested. Given this demonstrated lack of diligent effort, dismissal of the indictment is mandated. An "unreasonable delay in prosecuting a defendant constitutes a denial of due process of law." *(People v Staley,* 41 NY2d 789, 791.) When, as here, a delay is sufficiently lengthy, a defendant need not present proof of prejudice. *(People v Lesiuk,* 81 NY2d, *supra,* at 490; *People v Singer,* 44 NY2d 241, 254.) It is no answer, on the question of prejudice, to say, as the hearing court did, that defendant could argue loss of memory and loss of witnesses to the jury. Concur—Murphy, P. J., Sullivan, Asch and Mazzarelli, JJ.

Kupferman, J., dissents and would affirm for reasons stated by Snyder, J.