■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD R. FIKE, Appellant. [633 NYS2d 660] —Spain, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered September 9, 1994, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

On July 12, 1993, defendant was arrested in Texas while driving a motor vehicle that had been reported stolen from a repair shop in the Village of Endicott, Broome County. Defen-

dant waived extradition proceedings and was returned to this State on July 27, 1993. A felony complaint was filed against defendant on November 5, 1993, charging him with grand larceny in the third degree. Defendant was indicted and arraigned before Broome County Court on February 16, 1994. In June 1994, following a hearing, County Court dismissed defendant's claim that his right to due process had been violated by the 219 days of incarceration between the time of his arrest and the date of his indictment and arraignment. Defendant's subsequent trial resulted in a guilty verdict and a sentence as a second felony offender to a term of $3^1/_2$ to 7 years' imprisonment.

Our review of the record discloses that defendant's claimed denial of his due process rights was properly rejected. The five factors to be considered when determining whether a defendant's due process right to prompt prosecution has been violated are: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445).

Applying the factors set forth in *People v Taranovich* (*supra*) to this matter, we conclude that defendant's due process rights have not been violated. The delay of 219 days between his arrest and his indictment was not egregiously long (*see, People v Allende*, 206 AD2d 640, 642, *appeal dismissed* 84 NY2d 921 [eight-month delay found not to violate right to due process]) and the delay was caused in part by good-faith deliberations on the part of the People as to whether to prosecute defendant, given the expense of producing out-of-State witnesses at trial. The crime of which defendant was accused was a felony and his incarceration was occasioned as much by the separate pending charges of parole violation as by the charge of third-degree grand larceny (*see, supra*). Finally, defendant has failed to make a persuasive showing that his defense was impaired by the delay. We conclude that the delay at issue here did not result in a violation of defendant's due process rights (*see, People v Mobley*, 206 AD2d 681, *lv denied* 84 NY2d 870).

We have examined defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.