■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE GALLUP, Appellant. [638 NYS2d 222] —Casey, J. Appeal from the judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 5, 1994, convicting defen-

dant upon his plea of guilty of the crime of criminal mischief in the fourth degree.

Defendant contends that County Court erred in denying his motion to dismiss the indictment, which charged him with the crime of arson in the fourth degree, due to the more than four-year delay from the date of the crime until the date of the indictment. Initially, we note that although a guilty plea effects a forfeiture of the right to renew many arguments made before the plea, defendant's claim of protracted preindictment delay, which involves his right to due process, is one of those claims which survives a guilty plea (*see, People v Fuller*, 57 NY2d 152, 159, n 7). Turning to the merits of defendant's claim, it is well established that an unreasonable delay in prosecuting a defendant constitutes a denial of due process and that an unjustifiable delay in commencing prosecution may require dismissal even though no actual prejudice to the defendant is shown (*see, People v Lesiuk*, 81 NY2d 485, 490; *People v Singer*, 44 NY2d 241, 253-254; *People v Staley*, 41 NY2d 789, 791). When there has been a protracted delay, the prosecution bears the burden of establishing good cause for the delay (*see, People v Lesiuk, supra*, at 490; *People v Singer, supra*, at 254).

We note that the crime involved in *People v Singer* (*supra*) was a class A felony, for which there is no Statute of Limitations (*see*, CPL 30.10). Despite some initial confusion as to the standard applicable in a case involving other crimes for which there is a limitations period (*see, People v Fuller, supra*, at 159), in *People v Lesiuk* (*supra*) the Court of Appeals applied the principles articulated in the *Singer* case to a case which did not involve a class A felony. It should also be noted that appellate courts, including this Court, have analyzed preindictment delay claims by considering the factors relevant to constitutional speedy trial claims (*see, e.g., People v Fike*, 221 AD2d 732; *People v Quiroz*, 192 AD2d 730, *lv denied* 81 NY2d 1078), which is consistent with the Court of Appeals' refusal to draw a fine distinction between due process and speedy trial standards (*see, People v Singer, supra*, at 253).

Within two months of the commission of the crime for which defendant was ultimately indicted, the police had completed their investigation and had obtained a written confession concerning defendant's involvement. More then one year later, the prosecutor informed defendant that the matter would be presented to a Grand Jury, but defendant was not indicted until nearly three years after the notice. The total delay was four years and three months. Such a delay is clearly protracted, so that the prosecution must establish good cause for the delay

(*see, People v Singer, supra; People v Andine*, 214 AD2d 373, 374, *appeal dismissed* 87 NY2d 842). In *People v Singer* (*supra*, at 254), the Court recognized that "a determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense". The only justification presented by the prosecution in this case consisted of vague references to a substantial backlog of cases and a turnover of personnel, which we find patently insufficient to justify a delay of more than four years in obtaining an indictment. We are also of the view that the length of the delay is such that dismissal is the appropriate remedy despite the absence of any evidence of actual prejudice to defendant (*see, People v Andine, supra*, at 375).

Cardona, P. J., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, and indictment dismissed.