■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LUSH, Appellant. [652 NYS2d 188] —Case held, decision reserved and matter remitted to Ontario County Court for further proceedings in accordance with the following Memorandum: County Court erred in denying defendant's motion to dismiss the indictment without first conducting a hearing to determine whether defendant was denied due process of law by preindictment delay (*see, People v Lesiuk,* 81 NY2d 485, 490; *People v Fuller,* 57 NY2d 152, 159; *People v Vasquez,* 79 AD2d 621; *People v Marshall,* 72 AD2d 799, 800). Under the circumstances of this case, a hearing must be conducted to determine whether the 14-month delay in arresting and indicting defendant was unreasonable or was " 'a determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons' " (*People v Lesiuk, supra,* at 490, quoting *People v Singer,* 44 NY2d 241, 254). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Doerr, Balio and Boehm, JJ.