■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH M. EDWARDS, Also Known as DEBORAH M. PRICE, Appellant. [707 NYS2d 687] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 15, 1999, upon a verdict convicting defendant of the crime of arson in the third degree.

Defendant was indicted and charged with one count of arson in the third degree arising out of a fire in a double-wide trailer owned by her in the Town of Windsor, Broome County. Following a jury trial, defendant was found guilty as charged and was sentenced to an indeterminate term of imprisonment of 1 to 3 years.

On this appeal, defendant raises numerous issues allegedly requiring reversal, none of which we find meritorious save one. Although the fire in question occurred on April 14, 1996, defendant was not indicted until April 3, 1998 and was not arraigned until April 14, 1998, precisely two years after the incident giving rise to the indictment. Not surprisingly, defendant asserts that her attorney provided ineffective assistance in that he failed to make a motion to dismiss the indictment based upon preindictment delay. While the People accurately observe that claims of ineffective assistance of counsel should not be confused with mere losing tactics, we can conceive of no tactical reason for failing to make a motion to dismiss in the circumstances that exist here. At the time that defendant was indicted, it was abundantly clear that unreasonable delay in prosecuting a defendant constituted a denial of due process and that such delay might require dismissal of the prosecution even where no prejudice inured to the defendant (*see, e.g., People v Lesiuk*, 81 NY2d 485, 490). Moreover, at the time of the commencement of the prosecution here, there was case law holding that a 14-month delay required a hearing to determine whether such delay was unreasonable (*see, People v Lush*, 234 AD2d 991). Under the circumstances, we will hold this appeal in abeyance and remit the matter for assignment of counsel and a hearing to determine whether the preindictment delay

was unreasonable and a violation of defendant's due process rights (see, *People v Townsend*, 270 AD2d 720; *People v Lush*, supra).

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.