(October 3, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE RIVERA, Appellant. [747 NYS2d 854] —Mugglin, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J), rendered February 26, 2001, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

When this matter was previously before us (290 AD2d 730), we found possible merit to defendant's claim of untimely prosecution. Approximately 14 months elapsed from the time the offense was committed on September 6, 1999 to the date that defendant was arraigned after indictment, January 2, 2001. Because County Court summarily rejected defendant's claim of deprivation of due process, we withheld decision and remitted the matter to County Court to provide the People with an opportunity to submit papers in opposition to defendant's claim and hold a hearing if necessary. Those matters have now been accomplished and we review County Court's determination that there was protracted delay and that the prosecution did not meet its burden of establishing good cause for that delay.

In reviewing these issues we are guided by several principles established by the Court of Appeals: "We have consistently held that ' " 'unreasonable delay in prosecuting a defendant constitutes a denial of due process of law' " '. An unjustifiable delay in commencing the prosecution may require dismissal even though no actual prejudice to the defendant is shown. Where there has been a prolonged delay, we impose a burden on the prosecution to establish good cause" (*People v Lesiuk*, 81 NY2d 485, 490 [citations omitted]).

"In this State we have never drawn a fine distinction between due process and speedy trial standards" (*People v Singer*, 44 NY2d 241, 253).

"[T]here is no specific temporal duration after which a defendant automatically becomes entitled to release for denial of a speedy trial. Instead, the assertion by the accused of his right to a speedy trial requires the court to examine the claim in light of the particular factors attending the specific case under scrutiny. * * * [T]he trial court must engage in a sensitive weighing process of the diversified factors present in the particular case. Moreover, the various factors must be evaluated on an *ad hoc* basis since no rigid precepts may be formulated which apply to each and every instance in which it is averred that there has been a deprivation of the speedy trial right. * * * [N]o one factor or combination of the factors set forth below is necessarily decisive or determinative of the speedy trial claim, but rather the particular case must be considered in light of all the factors as they apply to it.

"The following factors should be examined in balancing the merits of an assertion that there has been a denial of defendant's right to a speedy trial: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge;

(4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 444-445 [citations omitted]).

Applying these principles to the case at hand, we conclude that the extent of the delay is approximately 14 months. The People urge that the delay chargeable to them is only eight months since the Department of Correctional Services did not report the case to the State Police for approximately six months. Under these circumstances, however, the Department of Correctional Services, as well as the District Attorney, are agents of the state in the criminal law enforcement field (*see People v Masselli*, 13 NY2d 1, 4), and any delay occasioned by one coordinate arm of law enforcement is chargeable to both.

Next, we agree with County Court that good and sufficient reasons for the eight-month delay between the date that the Department of Correctional Services referred the case to the District Attorney and the arraignment have been demonstrated by the People. We also agree that the record is totally devoid of any explanation for the delay of approximately six months between the commission of the crime and the referral of the evidence by the Department of Correctional Services to the police and District Attorney.

While these two factors may tend to support defendant's claim of deprivation of due process, the remaining factors do not. Defendant was charged with promoting prison contraband in the first degree, based on a routine illegal possession of controlled substances, he was incarcerated on other charges, and there has been no showing that his defense has been impaired by reason of the unexplained six-month delay. Therefore, contrary to County Court's determination, we conclude, upon consideration of all of the factors, that the unexplained six-month delay in prosecution does not constitute a deprivation of due process under the circumstances of this case (*see e.g. People v Cooper*, 258 AD2d 815, *lv denied* 93 NY2d 1016; *People v Fike*, 221 AD2d 732; *People v Allende*, 206 AD2d 640, *appeal dismissed* 84 NY2d 921).

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.