■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENZEL ALLEN, Appellant. [789 NYS2d 56]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered January 5, 2001, convicting him of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the

third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

After the defendant moved, inter alia, to dismiss the indictment on the ground that the 57-month pre-indictment delay between the defendant's alleged sale of narcotics to an undercover police officer and the defendant's arrest was excessive, the prosecution was required to demonstrate that the delay was justified (*see People v Lesiuk*, 81 NY2d 485, 490 [1993]; *People v Singer*, 44 NY2d 241, 254 [1978]). However, since the prosecution failed to establish good cause for the delay, the delay was unreasonable and constituted a denial of due process of law (*see People v Singer, supra* at 253-254; *People v Staley*, 41 NY2d 789, 791 [1977]). Therefore, the indictment should have been dismissed, even in the absence of prejudice to the defendant (*see People v Singer, supra* at 253-254; *People v Staley, supra* at 792).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are academic in light of our determination. Florio, J.P., Adams, Cozier and Mastro, JJ., concur.