OPINION OF THE COURT
Kathleen M. Rogers, J.
*579 Defendant has moved to dismiss the indictment charging one count of first degree promoting prison contraband (Penal Law § 205.25 [2]) on the grounds of preindictment delay in prosecution. The indictment charges that on July 16, 2003 defendant possessed dangerous contraband, to wit, a OVa-inch sharpened metal rod, while he was an inmate at Gouverneur Correctional Facility.
By order dated December 13, 2004, this court conducted a hearing to inquire into the five factors relevant to preprosecution delay: (1) the extent of the delay, (2) the reason for the delay, (3) the nature of the underlying charge, (4) whether there has been an extended period of pretrial incarceration, and (5) whether there is any indication that the defense has been impaired by the delay. (People v Taranovich, 37 NY2d 442, 445 [1975], discussed in People v Vernace, 96 NY2d 886, 887 [2001].)
Investigator Snell was assigned the case on February 23, 2004. The next day he went to Gouverneur Correctional Facility and picked up the statements from the correctional officers involved in the arrest. These statements were prepared shortly after the incident for which the defendant was indicted. The incident occurred on July 16, 2003. Investigator Snell had no idea why the case was not investigated until February 2004. The prosecution did not come forward with any proof explaining the delay. The court has no facts to support any conclusion as to who was responsible for this delay, though it would appear to be either the Department of Correction people or the State Police. Snell filed his report with the District Attorney’s office on April 28, 2004. The indictment was voted on June 22, 2004. The indictment was filed July 13, 2004. The court issued a warrant and the defendant was not brought before the court until October 25, 2004 because he had been discharged after termination of his earlier sentence which he was serving when the present crime was allegedly committed.
The incident leading to the arrest consisted of a fight breaking out at the Gouverneur Correctional Facility and the defendant allegedly running with his weapon to the toilet. Seeing defendant throw the weapon into the toilet, the officer shoved the defendant aside and recovered the weapon. These facts are simple and straightforward, and would not seem to require much investigation beyond obtaining the statements of the facility guards.
At the hearing, defendant said that there were other inmates with him in the room when the event allegedly occurred. Since *580 defendant had not been with them very long he could not recall their names. Given the amount of time that has passed since the event, coupled with the fact that defendant was released after finishing his sentence and therefore is no longer in contact with those other individuals, he would be unable to contact them and find out if they would be able to testify for him. This is the basis of his prejudice claim, along with the fact that he has been reincarcerated on this charge.
The period of time between the incident (July 16, 2003) and defendant’s arraignment on the indictment (Oct. 25, 2004) is an overall period of slightly more than 15 months. The period between July 17, 2003 when the incident reports were written at the prison, and February 23, 2004 when the State Police investigation began, is a period of more than seven months, for which no explanation has been given. That time is chargeable to the People regardless of which agency was responsible. (People v Rivera, 298 AD2d 612 [3d Dept 2002]; People v Masselli, 13 NY2d 1 [1963].)
The period of time during the State Police investigation and presentment to grand jury, from February 24, 2004 and July 13, 2004, less than five months, is also chargeable to the People. While such delay between the beginning and end of police investigation might ordinarily be deemed reasonable, here there was virtually nothing to investigate, and testimony shows that no further investigation was in fact done. Since the prosecution was commenced with the filing of the indictment, the period between July 14, 2004 and defendant’s appearance at arraignment on October 25, 2004 is not counted in this analysis of preprosecution delay. The extent of unexplained delay is therefore just under one year.
The nature of the underlying charge is the class D felony of first degree promoting prison contraband. Defendant was released from prison on his original conviction in November 2003, approximately five months after the date of the crime charged in the present indictment. Since the arrest on a warrant connected with the present indictment in October 2004, he has been continuously incarcerated solely on this charge. Defendant could not name the former inmates who might have been called as defense witnesses, so the fact that he cannot now be in touch with them does amount to a showing that the defense has been impaired.
*581 The court weighs the five factors which govern this issue* as follows. The extent of unexplained delay is approximately one year. The nature of the underlying charge, if proven, is serious, as is any felony allegedly committed within a state prison. There has been extensive incarceration due solely to this charge, in addition to incarceration on this charge while defendant was still serving time on his original conviction. The defense has established that the defense of the case was impaired by the delay. The court finds, on balance, that the factors weigh in favor of dismissal for excessive delay. One year of delay, coupled with no explanation other than for a few days’ time to obtain and file reports, coupled with impairment of the defense, and with significant incarceration due solely to the new charge, is unreasonable. If prison officials want to pursue criminal prosecution for alleged offenses occurring within the prison, in addition to the significant disciplinary remedies available to them internally, it is important to make a greater effort to process the referral to police agencies on a timely basis, and for those agencies to complete their investigation and report to the district attorney promptly. That did not happen here, and, as a result, constitutional principles require dismissal of the indictment for excessive preprosecution delay.

 People v Rivera, 298 AD2d 612 (3d Dept 2002); People v Taranovich, 37 NY2d 442 (1975); People v Singer, 44 NY2d 241 (1978); People v Lesiuk, 81 NY2d 485 (1993).