Lahtinen, J.
Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered June 13, 2014, convicting defendant upon his plea of guilty of the crime of possessing a sexual performance by a child (two counts), and (2) from a judgment of said court, rendered June 27, 2014, which resentenced defendant.
On January 28, 2009, defendant’s computer was seized by the Town of Colonie Police Department (hereinafter TCPD) after a computer repair technician reported that he discovered the computer contained what he believed to be child pornography. The following day defendant was questioned by the TCPD *1101 and, in July 2009, it obtained a search warrant to analyze the content of defendant’s computer. On December 4, 2013, defendant was indicted and charged with 26 counts of possessing a sexual performance by a child, a class E felony. Relevant to this appeal, defendant moved to dismiss the indictment contending that the nearly five-year delay in obtaining the indictment was unreasonable and violated his due process rights. Although defendant requested and the People consented to a Singer hearing (see People v Singer, 44 NY2d 241 [1978]), County Court summarily denied defendant’s motion. Thereafter, reserving his right to appeal the Singer issue, defendant pleaded guilty to two counts of the indictment and, after an initial sentencing error, was resentenced to concurrent prison terms of IV3 to 4 years, which County Court stayed pending disposition of the instant appeals.
The parties agree that there has been a protracted preindictment delay that places the burden on the People to establish good cause for that delay (see People v Decker 13 NY3d 12, 14 [2009]; People v Singer, 44 NY2d at 253-254; People v Gallup, 224 AD2d 838, 839 [1996]). The People state in their brief that there are no issues of fact regarding the issue before this Court and the record on appeal provides an adequate basis to determine whether the protracted delay was justified.[1]
In determining whether there is an undue delay, the trial court must consider “(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay” (People v Taranovich, 37 NY2d 442, 445 [1975]). Here, although defendant was not incarcerated during the period of delay and the nature of the charges are serious,[2] the extent of the delay was clearly extensive. The People attribute the delay to the *1102 fact that the matter was initially referred to the office of the United States Attorney for the Northern District of New York for prosecution, and point to vague references of personnel changes within that office, as well as that office’s decision, at some point, not to prosecute.
This was not a complex legal matter and the record establishes that no further evidence was needed in order to charge defendant beyond that gathered in the 2009 investigation conducted by the TCPD. The record indicates that the investigator from the TCPD was part of a task force that included federal investigators, and, according to the People, in January 2011, the task force brought this matter to the office of the United States Attorney. At that time, it appears that defendant’s then attorney initiated unsuccessful plea bargain negotiations. Thereafter, for reasons not entirely clear from the record, the United States Attorney declined to prosecute and the TCPD brought the file to the Albany County District Attorney’s office in November 2013. On this record, the People fail to establish good cause as to why they delayed in exercising their own jurisdiction to proceed with prosecution for nearly five years from the date of defendant’s alleged crime to the date of the indictment. The fact that this matter was initially referred to the United States Attorney and the TCPD did not bring this file to the Albany County District Attorney until November 2013 provides no justifiable excuse for the delay, since both offices are coordinate arms of the state in the criminal law enforcement field and any delay occasioned by one is chargeable to both (see People v Masselli, 13 NY2d 1, 4 [1963]; People v Rivera, 298 AD2d 612, 614 [2002], lv denied 99 NY2d 619 [2003]).
Under these circumstances, we find that the length of the delay is such that dismissal is the appropriate remedy, despite the absence of any actual prejudice to defendant (see People v Wheeler, 289 AD2d 959, 960 [2001]; People v Townsend, 270 AD2d 720, 721 [2000]; People v Gallup, 224 AD2d at 840). Furthermore, the fact that defendant was aware of the pend *1103 ing charges and engaged in preindictment plea negotiations is immaterial, as this does not excuse the People’s responsibility for assuring prompt prosecution (see generally People v Staley, 41 NY2d 789, 793 [1977]).
McCarthy and Rose, JJ., concur.

. As the dissent acknowledges, the People have taken the position on appeal that the matter should be decided on this record and not remitted for a Singer hearing. Inasmuch as “the parties are free to chart their own procedural course and may fashion the basis upon which a particular controversy will be resolved” (People v Tatro, 245 AD2d 1040, 1040-1041 [1997] [internal quotation marks and citations omitted]; see People v Correa, 197 AD2d 430, 432 [1993], lv denied 82 NY2d 892 [1993]), it is not for us to point out the gaps in the People’s proof and then remit to afford the People an opportunity to submit additional proof to meet their burden, particularly when they do not seek such an opportunity. There is no indication that the People had taken such a position regarding not remitting for a hearing in People v Watts (78 AD2d 1008 [1980]), a case upon which the dissent relies.

. We agree with the dissent that these crimes are serious. However, analysis of this factor is “not. . . dependent upon what one is charged with, *1102 but rather that the prosecutor may understandably be more thorough and precise in his [or her] preparation for the trial of a [serious felony]” (People v Taranovich, 37 NY2d 442, 446 [1975]; see People v Johnson, 38 NY2d 271, 277-278 [1975]). “It should not be assumed . . . that all serious offenses require a slow and careful preparation that justifies extended delay [and] [a] court still focuses on the particular facts of a case to determine its simplicity or complexity” (3 Kamins, Mehler, Schwartz & Shapiro, New York Criminal Prac § 26.03 [6]). This record reveals neither a complex case nor that preparation for the case had anything to do with the delay (see People v Johnson, 38 NY2d at 277).