The People of the State of New York, Respondent,
against
Andrew Brown, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Gilbert C. Hong, J.), rendered January 24, 2012. The judgment convicted defendant, after a nonjury trial, of driving while ability impaired.




ORDERED that the judgment of conviction is reversed, on the law and as a matter of discretion in the interest of justice, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
On September 21, 2008, defendant was charged with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). On April 11, 2011, the Criminal Court granted defendant's motion to dismiss the count of driving while intoxicated on the ground that defendant's statutory right to a speedy trial had been violated (see CPL 30.30). Although the People's principal witness had been on military leave, in its order, the trial court denied the People an "exceptional circumstances" exclusion (see CPL 30.30 [4] [g] [ii]) for the 394 days, faulting the People for their lack of due diligence in producing the witness or a substitute witness. The People did not appeal from that order. The trial of the traffic infractions commenced on November 17, 2011, after which defendant was convicted of driving while ability impaired and acquitted of unlicensed operation of a motor vehicle. Defendant appeals, arguing that he was denied his constitutional right to a speedy trial with respect to the offense of driving while ability impaired (see CPL 30.20; People v Taranovich, 37 NY2d 442 [1975]) and that the trial proof was legally insufficient to support that conviction.
Although defendant failed to preserve his CPL 30.20 claim for appellate review, we grant his request that we review the matter as a matter of discretion in the interest of justice. 
The 38-month delay in bringing to trial two traffic infractions, which do not represent "complex legal matter[s]" (People v Montague, 130 AD3d 1100, 1102 [2015]) and which require "little preparation and proof to prosecute" (People v Braun, 45 Misc 3d 130[A], 2014 NY Slip Op 51582[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), established a violation of defendant's right to a prompt prosecution (People v Staley, 41 NY2d 789, 792 [1977]; People v Montague, 130 AD3d at 1102). Even if delays attributed to defendant's litigation and other matters are excluded from constitutional speedy trial consideration (see People v Keys, 136 [*2]AD3d 523 [2016]; People v Thomas, 128 AD3d 440, 441 [2015]), nearly 20 months of delay occurred through no fault of defendant, warranting a finding, under the circumstances presented, that defendant was denied his constitutional right to a speedy trial (see e.g. People v Montague, 130 AD3d at 1102; People v Mason, 125 AD2d 595 [1986] [21 months]; People v Matera, 2003 NY Slip Op 51180[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2003] [24 months]; cf. People v Thompson, 43 Misc 3d 136[A], 2014 NY Slip Op 50682[U], *1 [App Term, 1st Dept, 2014]; People v Bonacorso, 26 Misc 3d 134[A], 2010 NY Slip Op 50131[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).
In light of the foregoing, we need not address defendant's remaining contention.
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Pesce, P.J., Weston and Elliot, JJ., concur.
Decision Date: January 10, 2017