The People of the State of New York, Respondent,
against
Gary J. Moretti, Appellant.



Appeal from a judgment of the Justice Court of the Town of Fishkill, Dutchess County (Harold D. Epstein, J.), rendered April 8, 2015. The judgment, entered pursuant to an undated decision of the same court, convicted defendant, after a nonjury trial, of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). The judgment brings up for review so much of an order of the same court dated July 2, 2014 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on the ground that he was denied his constitutional right to a speedy trial.




ORDERED that, on the court's own motion, the notice of appeal from the undated decision of the Justice Court is deemed a valid notice of appeal from the judgment of conviction rendered April 8, 2015 (see CPL 460.10 [6]); and it is further,
ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Defendant was charged, in separate simplified traffic informations, with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), and was arraigned on April 13, 2011. Thereafter, defendant moved to dismiss the accusatory instruments on the ground that they were facially insufficient. The Justice Court denied the motion. Hearings were held in May 2011, and, on March 29, 2012, the Justice Court denied defendant's Huntley and Dunaway motions. The case did not appear on the calendar again until April 2014, at which time defendant moved to dismiss the accusatory instruments on the ground that his statutory and constitutional rights to a speedy trial had been violated. By order dated July 2, 2014, the Justice Court denied defendant's motion, and the case was adjourned to October 8, 2014 for trial. On October 8th, the Justice Court granted the People's motion to reduce the two charges to one charge of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). Following a nonjury trial, defendant was convicted of the charge. 
On appeal, defendant contends, among other things, that he was denied his constitutional right to a speedy trial. We agree.
The 41-month delay in bringing to trial the traffic infraction, which does not represent "complex legal matter[s]" (People v Montague, 130 AD3d 1100, 1102 [2015]) and which requires "little preparation and proof to prosecute" (People v Braun, 45 Misc 3d 130[A], 2014 NY Slip Op 51582[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), established a [*2]violation of defendant's constitutional right to a prompt prosecution (People v Staley, 41 NY2d 789, 792 [1977]; People v Montague, 130 AD3d at 1102; People v Brown, 54 Misc 3d 133[A], 2017 NY Slip Op 50059[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Tolbert, J.P., Iannacci and Brands, JJ., concur.
Decision Date: March 06, 2017