People v Greenspan (2020 NY Slip Op 04408)





People v Greenspan


2020 NY Slip Op 04408


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-06063
 (Ind. No. 2758/15)

[*1]The People of the State of New York, respondent,
v
Daniel Greenspan, appellant.


Law Offices of Joel B. Rudin, P.C., New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Guy Arcidiocono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (William J. Condon, J.), rendered May 11, 2017, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Suffolk County, for a new trial before a different Justice.
The defendant was charged with murder in the second degree. After a jury trial, at which a codefendant testified against the defendant, the defendant was convicted of that offense.
The defendant contends that the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant also contends that he was deprived of his due process right to a fair trial by the County Court's act of entering into a plea agreement with the testifying codefendant. The court's agreement with the codefendant was made in conjunction with a cooperation agreement reached between the codefendant and the People. The codefendant had been charged with, inter alia, murder in the second degree. The People had promised to recommend a determinate sentence of imprisonment between two and seven years in exchange for the codefendant's guilty plea to the reduced charge of attempted robbery in the second degree. However, the court promised the codefendant a sentence of only probation in exchange for her testimony against the defendant. Although the defendant failed to preserve this issue for appellate review (see CPL 470.05[2]), we nevertheless reach it in the exercise of our interest of justice jurisdiction.
We agree with the defendant that, under the circumstances here, the County Court [*2]committed reversible error when it "negotiated and entered into a [plea] agreement with a codefendant requiring that individual to testify against defendant in exchange for a more favorable sentence" (People v Towns, 33 NY3d 326, 328; see People v Lawhorn, 178 AD3d 1466). By doing so, "the trial court abandoned the role of a neutral arbiter and assumed the function of an interested party, thereby creating a specter of bias that requires reversal" (People v Towns, 33 NY3d at 328; see People v Lawhorn, 178 AD3d 1466).
In light of our determination, we need not reach the defendant's remaining contentions.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court