People v Payne (2022 NY Slip Op 06015)

People v Payne

2022 NY Slip Op 06015

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-08558 
2019-08563

[*1]The People of the State of New York, respondent,
v
James Payne, appellant. (Ind. Nos. 997/17, 187/19)

James Payne, Malone, NY, appellant pro se.
Anne T. Donnelly, District Attorney, Mineola, NY (Monica L. Leiter and Kelly Gans of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Robert A. Schwartz, J.), both rendered June 20, 2019, convicting him of criminal sale of a controlled substance in the third degree (eight counts) under Indictment No. 997/17, and grand larceny in the fourth degree and perjury in the first degree under Indictment No. 187/19, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant contends that his waiver of the right to appeal was invalid because he was not afforded the assistance of counsel. However, the defendant elected to proceed pro se after the Supreme Court engaged in a "searching inquiry" (People v Stone, 22 NY3d 520, 525 [internal quotation marks omitted]) to clarify that he understood the ramifications of proceeding without counsel (see People v Providence, 2 NY3d 579; People v James, 200 AD3d 711, 712). The record, as a whole, demonstrates that the defendant made a knowing, voluntary, and intelligent decision to waive his right to counsel and to proceed pro se (see People v Cucchiara, 174 AD3d 816, 817; People v Stroud, 144 AD3d 1056, 1057). The defendant's waiver of the right to counsel applied to the plea proceeding (see People v Knatz, 128 AD2d 896, 897-898) and to the waiver of his right to appeal (see People v Rohadfox, 175 AD3d 1813, 1814). Further, the record demonstrates that the defendant's waiver of the right to appeal was knowingly, voluntarily, and intelligently made (see People v Thomas, 34 NY3d 545; People v Sanders, 25 NY3d 337, 341; People v Rodriguez, 194 AD3d 853).
The defendant's valid waiver of his right to appeal forecloses appellate review of his arguments relating to the Supreme Court's suppression determination (see People v Kemp, 94 NY2d 831, 833; People v Castillo, 49 AD3d 777), and his contention that the conviction of criminal sale of a controlled substance in the third degree (eight counts) under Indictment No. 997/17 violated his constitutional right against double jeopardy (see People v Muniz, 91 NY2d 570; People v Marshall, 24 AD3d 470).
Although the defendant's claim that his constitutional right to a speedy trial was [*2]violated survives both the entry of his pleas of guilty and the waiver of his right to appeal (see People v Worthy, 138 AD3d 1042, 1043; People v Franco, 104 AD3d 790, 791), the defendant's contention is without merit. Upon balancing all of the factors to be considered in connection with the defendant's constitutional speedy trial claim (see People v Taranovich, 37 NY2d 442, 445), we find that the defendant's constitutional right to a speedy trial was not violated (see People v Franco, 104 AD3d at 791).
The defendant's contention that the plea agreement was violated is unpreserved for appellate review and, in any event, without merit.
The defendant's remaining contentions are without merit.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court