People v Rivera (2024 NY Slip Op 02069)

People v Rivera

2024 NY Slip Op 02069

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-02419
 (Ind. No. 71435/21)

[*1]The People of the State of New York, respondent,
v
Daniel Rivera, appellant.

Law Offices of Joel B. Rudin, P.C., New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered February 2, 2023, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In December 2015, the defendant was charged with murder in the second degree in connection with a crime that occurred on January 31, 2009. After a jury trial, at which a codefendant testified against the defendant, the defendant was convicted of that offense. This Court reversed the judgment of conviction on the ground that "the County Court committed reversible error when it 'negotiated and entered into a [plea] agreement with a codefendant requiring that individual to testify against defendant in exchange for a more favorable sentence'" (People v Greenspan, 186 AD3d 505, 506, quoting People v Towns, 33 NY3d 326, 328). The matter was remitted to the County Court, Suffolk County, for a new trial before a different Justice.
Upon remittitur, the defendant moved, inter alia, to dismiss the indictment and to disqualify the codefendant from testifying against him. That branch of the defendant's motion which was to dismiss the indictment was granted, with leave to re-present the case to another grand jury, and the motion was otherwise denied. The matter was re-presented to another grand jury, which indicted the defendant on two counts of murder in the second degree.
After that branch of the defendant's motion which was to dismiss the new indictment was denied, the defendant pleaded guilty to manslaughter in the first degree and waived his right to appeal.
The defendant contends that he was deprived of his constitutional right to a prompt prosecution. A waiver of the right to appeal does not encompass the constitutional right to a speedy trial (see People v Thomas, 34 NY3d 545, 552; People v Guerrero, 28 NY3d 110, 117; People v Payne, 209 AD3d 1041), which includes preindictment delay (see People v Rivera, 201 AD3d 1132, 1134).
"[U]nreasonable delay in prosecuting a defendant constitutes a denial of due process of law" (People v Lesiuk, 81 NY2d 485, 490 [internal quotation marks omitted]; see People v Singer, 44 NY2d 241, 253; People v Staley, 41 NY2d 789, 791). "An unjustifiable delay in commencing the prosecution may require dismissal even though no actual prejudice to the defendant is shown" (People v Lesiuk, 81 NY2d at 490). However, "'a determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense'" (id., quoting People v Singer, 44 NY2d at 254 [citations omitted]).
"The following factors should be examined in balancing the merits of an assertion that there has been a denial of defendant's right to a speedy trial: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445). These factors are also applicable to "determine whether there has been a violation of the due process right to prompt prosecution" (People v Decker, 13 NY3d 12, 15; see People v Regan, 39 NY3d 459, 465).
In this case, there was no incarceration of the defendant prior to the proffering of charges against him in 2015, nor is there any evidence that his defense was impaired by the delay. The defendant was interviewed by the police in February 2009, with respect to his involvement in the crime, and thus was on notice that he was a possible suspect. The crime charged—murder in the second degree—was serious. Where the crime is serious, the defendant was not incarcerated prior to the indictment, and there is no evidence of prejudice to the defense, a delay without evidence of bad faith is an insufficient basis to dismiss the indictment (see People v Stefanovich, 207 AD3d 1047). Further, there were proffered several explanations for the delay, including the defendant's sojourns out of the country, his use of different names, and his suborning perjury of other witnesses by dictating to them what they should say if they were interviewed by the police (see People v Regan, 39 NY3d at 469). Accordingly, the defendant's contention that he was deprived of his constitutional right to prompt prosecution is without merit.
The defendant also contends that he was prosecuted in violation of his right against double jeopardy. Although that right is not automatically forfeited by a plea of guilty (see People v Hansen, 95 NY2d 227, 230), by validly waiving his right to appeal, the defendant waived consideration of his double jeopardy contention (see People v Muniz, 91 NY2d 570, 574-575; People v Payne, 209 AD3d 1041, 1042; People v Dale, 142 AD3d 1287, 1290; People v Marshall, 24 AD3d 470; People v Monroig, 17 AD3d 870, 871).
The defendant's contentions with respect to the prosecutor's alleged errors in the grand jury proceeding were forfeited by the defendant's plea of guilty (see People v Hansen, 95 NY2d at 233; People v Arias, 217 AD3d 461).
Accordingly, we affirm the judgment of conviction.
BARROS, J.P., CHRISTOPHER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court