■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MITCHELL, Appellant. [597 NYS2d 297] —Judgment, Supreme Court, New York County (George Roberts, J., on pretrial motion; Donald Mark, J., at jury trial and sentence), rendered June 8, 1989, convicting defendant of four counts of criminal sale of a controlled substance in the third degree, and four counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years on each count, unanimously modified, on the law and the facts, and as a matter of discretion in the interest of justice, to vacate the convictions on the possession counts and to dismiss those charges, and otherwise affirmed.

Defendant was indicted in connection with an ongoing police investigation of a large-scale narcotics operation. The motion court properly denied defendant's motion for dismissal of the indictment on the ground that the People failed to establish good cause for a delay of approximately 13 months

between the acts which formed the basis for the charges and defendant's arrest herein. As defendant's motion papers contained only conclusory allegations that the acknowledged police investigation was "unjustified" and that he was prejudiced by the passage of time, he raised no issue of fact that would warrant a hearing *(People v Coffaro,* 52 NY2d 932, 934). On the other hand, the People's response papers showed good cause for the delay in an ongoing investigation involving an undercover officer's attempts to infiltrate a drug trafficking operation and apprehend large-scale suppliers *(People v Donovan,* 141 AD2d 835, *lv denied* 72 NY2d 1044). In addition, defendant failed to demonstrate any actual prejudice *(People v Singer,* 44 NY2d 241, 252).

We have considered defendant's various claims of error regarding the trial testimony and find them to be either unpreserved for appellate review as a matter of law (CPL 470.05), or meritless.

As the four possession counts stem directly from the four sale counts, dismissal is warranted in the interest of justice *(see, e.g., People v Medina,* 171 AD2d 559, *lv denied* 78 NY2d 924).* Concur—Rosenberger, J. P., Ellerin, Asch and Rubin, JJ.