■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD ALLENDE, Respondent. [614 NYS2d 612] —Mikoll, J. P. Appeal from an order of the County Court of Clinton County (McGill, J.), entered November 30, 1992, which granted defendant's motion to dismiss the indictment.

The issue before us is whether County Court erred in dismissing the indictment against defendant charging him with one count of assault in the first degree and two counts of assault in the second degree for undue delay in prosecution.

The following is the chronology of this case. On May 30, 1990 the alleged assault by defendant occurred. On June 7,

---

* Respondent also filed a notice of appeal, but that appeal not having been perfected we deem it abandoned.

1990 defendant sent a letter to the District Attorney requesting to testify before the Grand Jury. On July 6, 1990 the District Attorney received a State Police investigative report relating to the matter. On March 27, 1991 the District Attorney sent a letter to defense counsel inquiring whether defendant still wished to testify at the Grand Jury. On April 8, 1991 defendant reaffirmed his wish to testify. On April 12, 1991 defense counsel requested that witness Derrick Corley be subpoenaed to testify before the Grand Jury on defendant's behalf. The April 22, 1991 scheduled date of presentation to the Grand Jury was adjourned at defendant's request to secure witness Corley from Federal custody where he had been since October 1990.

Thereafter the People sought to make Corley available but the United States Marshall on June 4, 1991 declined to make Corley available for testimony because he was an escape risk. On July 10, 1991 the District Attorney requested a statement from defendant pursuant to CPL 190.50 so that the Grand Jury could determine whether to call Corley. On July 22, 1991 defense counsel requested that the matter be put over to the next Grand Jury and indicated that the CPL 190.50 statement would be prepared. On September 9, 1991 the District Attorney demanded the CPL 190.50 statement which had not been provided. From September 24, 1991 to October 30, 1991 the District Attorney sought to locate Corley and on October 30, 1991 he was found to be in New York custody at Clinton Correctional Facility in Clinton County. On November 13, 1991 the case was presented to the Grand Jury. Corley testified that he knew nothing of the incident and was not at Clinton Correctional Facility on May 30, 1990. Defense counsel advised the District Attorney that defendant refused to testify before the Grand Jury. A three-count indictment was returned December 19, 1991 and defendant was arraigned January 9, 1992.

On July 31, 1992 defendant made a *pro se* motion to dismiss the indictment for failure to accord him a speedy trial. The supporting affidavit asserted that the basis for the motion was the District Attorney's failure to produce Corley and the delay between defendant's expressed wish to appear before the Grand Jury and the presentation of the matter to the Grand Jury.

On dismissing the action, County Court focused on the eight-month delay from the time the People received the investigative report until the District Attorney inquired whether defendant wished to testify. The court found the

delay to be unduly long, that the delay resulted in pretrial incarceration of defendant, that defendant was deprived of an opportunity to receive a concurrent sentence and that defendant suffered anxiety knowing that the matter was continuing. No other prejudice to defendant was found to exist.

In the seminal pronouncement on the issue of delay in prosecution, the Court of Appeals in *People v Singer* (44 NY2d 241, 252) held that "[p]reindictment delay * * * is governed by the due process clause which generally requires a showing of actual prejudice before dismissal would be warranted" *(see, United States v Lovasco,* 431 US 783; *United States v Marion,* 404 US 307). The Court went on to hold that the rule in New York does not require actual prejudice to defendant, citing to *People v Staley* (41 NY2d 789) and *People v Winfrey* (20 NY2d 138) *(People v Singer, supra,* at 253). The Court of Appeals commented that where there is protracted delay, the burden is upon the People to establish good cause but a determination made in good faith, for sufficient reason, will not deprive defendant of due process of law even if there is prejudice to defendant *(supra,* at 254; *see, United States v Lovasco, supra).*

We note, in the first instance, that there is no demonstrated possibility of a concurrent sentence being available to defendant by an earlier disposition of the matter as relied on by County Court. Also, defendant's pretrial incarceration was not due to the present offense but because he was already serving time on another crime.

Secondly, defendant's allegation of a due process violation *(see, People v Taranovich,* 37 NY2d 442, 445) is not supported by the record. We note that an eight-month gap between when the People had the report of the police investigation and when they made a presentment to the Grand Jury is comparatively brief for speedy trial considerations. We note, too, that there is no showing of intent to prejudice defendant. A large part of the additional delay in this matter was due to securing the presence of defendant's witness, which request turned out to be specious since the witness was not even present at the facility where the purported assault occurred.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, motion denied and indictment reinstated.