■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HERBERT N. TOWNSEND, Respondent. [705 NYS2d 113] —Mugglin, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered July 26, 1999, which granted defendant's motion to dismiss the indictment.

On October 26, 1998, a felony complaint was filed against defendant charging him with criminal sale of a controlled substance in the third degree based upon the allegation that he sold two packages of cocaine to an undercover police officer on July 24, 1997.* After he was indicted and arraigned, defendant moved to dismiss the indictment claiming that the 15-month delay between his alleged commission of the crime and the filing of the felony complaint was unreasonable and violated his due process rights. County Court granted the motion and dismissed the indictment, prompting this appeal.

An unreasonable delay in prosecuting a defendant constitutes a denial of due process and may mandate dismissal of the indictment even in the absence of actual prejudice to the defendant (*see, People v Lesiuk*, 81 NY2d 485, 490; *People v Torres*, 257 AD2d 772, *lv denied* 93 NY2d 903). The five factors relevant to determining whether a defendant's due process right to prompt prosecution has been violated are (1) the extent of the delay, (2) the reason for the delay, (3) the nature of the underlying charge, (4) whether there has been an extended period of incarceration, and (5) the possibility of prejudice to the defense as a result of the delay (*see, People v Singer*, 44 NY2d 241, 253; *People v Allah*, 264 AD2d 902; *People v Mangan*, 258 AD2d 819, 819-820, *lv denied* 93 NY2d 927).

Although defendant was not incarcerated during the period of delay and the nature of the charge against him was

---

* The felony complaint erroneously stated that the sale occurred on June 27, 1996 and it is unclear from the record whether the erroneous date contributed to the delay in filing the felony complaint

relatively serious, we nonetheless conclude that the 15-month delay was unreasonable under the circumstances of this case and violated defendant's due process rights (*see generally, People v Gallup,* 224 AD2d 838). The record discloses that police had completed their investigation within minutes of the alleged sale when the undercover officer who purchased the cocaine identified defendant as the seller in a drive-by confirmatory identification procedure. Notably, the felony complaint was prepared and sworn to by an investigating officer on the day immediately following the alleged sale. Moreover, the fact that the delay may have deprived defendant of the opportunity to determine the existence of any witnesses to the alleged sale, which occurred on a busy street, indicates that the defense could have been impaired by reason of the delay.

The prosecution did not sustain its burden of establishing good cause for the delay (*see, People v Singer, supra,* at 254). While the People claim that police were unable to locate defendant and made a good-faith determination to defer commencement of the prosecution in order to protect the identity of the undercover officer, County Court specifically discredited this explanation in light of the testimony of an investigating officer who knew of defendant's general whereabouts during the period of delay and who stated that only a delay in prosecution of several weeks is necessary to protect the identity of an undercover officer. Thus, in view of the absence of any viable excuse for the relatively lengthy delay in prosecuting defendant, dismissal of the indictment is the appropriate remedy despite the lack of evidence that defendant suffered actual prejudice (*see generally, People v Gallup, supra; cf., People v Medina,* 262 AD2d 708, 710, *lv denied* 93 NY2d 1023; *People v Johnson,* 226 AD2d 806, *lv denied* 88 NY2d 937).

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed.