■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS SALAMAN, Appellant. [742 NYS2d 136] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered April 19, 1999, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and promoting prison contraband in the first degree.

Defendant was indicted in November 1998 for both criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree. He was later charged by superior court information with the crime of promoting prison contraband in the first degree. In satisfaction of all pending charges, he pleaded guilty to the criminal possession and promoting prison contraband charges. After lengthy negotiation, it was agreed that defendant would not waive his right to appeal and he would be sentenced to a prison term of 3 to 9 years for the criminal possession charge and 1 to 3 years for the promoting prison contraband charge, the sentences to run concurrently. Defendant now appeals, asserting

ineffective assistance of counsel, involuntariness of his plea, and excessiveness of his sentence.

In support of his claim of ineffective assistance, defendant contends that trial counsel misapprehended the facts surrounding the issuance and execution of the search warrant, that counsel failed to challenge the police officers' execution of the warrant by the search of three separate structures, and that counsel failed to move to suppress the results of the search. In making our assessment, we are guided that "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147). Here, the record reveals that defense counsel familiarized himself with all relevant legal issues and reviewed all necessary documents concerning the warrant. His failure to move to suppress the evidence seized does not necessarily indicate ineffectiveness (*see, People v Wagner*, 104 AD2d 457, 458). While police authorities may have visited other structures in executing the warrant, the critical evidence seized was all located in defendant's residence. Moreover, the record fails to provide any support for defendant's assertion that he would have standing to challenge the visits to the other structures (*see, People v Ponder*, 54 NY2d 160).

As to the plea, we discern no error in the allocution and find it evident that defense counsel negotiated an extremely favorable result (*see, People v Ruger*, 279 AD2d 795, *lv denied* 96 NY2d 806). "[W]hile a guilty plea does not preclude inquiry into the effectiveness of defense counsel in making pretrial motions * * *, the fact that a favorable plea bargain was struck is a factor to be considered" (*People v Strempack*, 134 AD2d 799, 800, *affd* 71 NY2d 1015 [citation omitted]).

Turning to the sentence, we note that upon defendant's articulation of his plea, he asserted that this was his "first offense." The presentence investigation belied this assertion; it revealed that while he had not been convicted of a felony, he had been previously convicted of misdemeanors. Had defendant been tried and convicted on all the pending charges, he could have been sentenced to consecutive terms of imprisonment of up to $8\frac{1}{3}$ to 25 years on the crimes for which he was indicted and up to $2\frac{1}{3}$ to 7 years on the charge of promoting prison contraband. With the record revealing no abuse of discretion or extraordinary circumstances that would cause us to interfere with the sentence imposed (*see, People v Gregory*, 290 AD2d 810; *People v La Shomb*, 285 AD2d 837), we affirm.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.