■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN KIRKLEY, Appellant. [745 NYS2d 81] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered May 8, 2001, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Relying on *People v Townsend* (270 AD2d 720), defendant

contends that the one-year delay between his sale of cocaine to an undercover police officer on September 14, 1999 and his September 23, 2000 arrest on the indictment arising out of that sale deprived him of due process and that, therefore, County Court erred in denying his pretrial motion to dismiss the indictment.* Considering the relevant factors (*see, People v Taranovich*, 37 NY2d 442, 445), we disagree.

Here, the People have shown that the undercover purchase from defendant was part of a larger investigation of drug activity and that the investigation was a continuing one which required continuing secrecy during at least a portion of the period of delay. The Court of Appeals has recognized the need for further investigation to gather sufficient evidence to bring related cases (*see, People v Singer*, 44 NY2d 241, 254). Also, here, unlike in *People v Townsend* (*supra*), the trial court credited the People's explanation of the delay.

In addition, defendant's motion papers offered no suggestion of any possible impairment of his defense as a result of the delay. He relied, instead, on the general rule that a violation of due process can be found despite the absence of actual prejudice, but that rule is applicable where the delay is lengthy and without good cause (*see, People v Singer, supra* at 254). Where the delay is not protracted, however, the question of whether the defense was impaired in any way becomes an important factor (*see, e.g., People v Collier*, 290 AD2d 816, *lv denied* 97 NY2d 752; *People v Chiovaro*, 279 AD2d 806, *lv denied* 96 NY2d 827). Thus, in *People v Townsend* (*supra*), we noted the impairment resulting from the defendant's inability to determine the existence of any witnesses to the alleged sale, which occurred on a busy street. In contrast, there is nothing in the record in this case to establish that the street where the alleged sale occurred was a busy one where witnesses were likely to be present. Considering all of the relevant factors, we conclude that the delay did not deprive defendant of due process (*see, People v Lesiuk*, 81 NY2d 485, 490-491).

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

---

* The People do not dispute that the claim survived both the guilty plea and defendant's waiver of the right to appeal (*see, People v McCleary*, 271 AD2d 811, 811-812).