THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS GARCIA, Appellant. [— NYS2d —]—

Kane, J. Appeal, by permission, from an order of the County Court of Rensselaer County (Czajka, J.), entered January 13, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal sale of a controlled substance in the second degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), without a hearing.

After defendant was convicted of four drug crimes, he moved to vacate his conviction on the basis of ineffective assistance of counsel. County Court denied that motion. On appeal of his conviction and the denial of his CPL 440.10 motion, this Court affirmed the conviction, but withheld decision regarding the motion (33 AD3d 1050 [2006], lv denied 9 NY3d 844 [2007]). We remitted for a hearing on the narrow issue of whether defendant's constitutional speedy trial rights were violated as of April 30, 2003, when defense counsel waived defendant's rights. If his rights had been violated as of that time, then counsel deprived him of meaningful representation by waiving a meritorious claim and failing to move for dismissal based upon the violation of those rights. Revisiting the issue with the benefit of a hearing transcript, we now affirm.

The factors to consider concerning defendant's constitutional speedy trial rights are the extent of the delay, reason for the delay, nature of the underlying charges, any extended pretrial

incarceration and any indications of prejudice or impairment to the defense attributable to the delay (*see People v Taranovich*, 37 NY2d 442, 445 [1975]). The serious sales of fairly large quantities of drugs occurred in November 2001, April 2002 and July 2002. Defendant has been incarcerated since his arrest in November 2002. Counsel waived defendant's speedy trial rights on April 30, 2003, 17 months after the first drug sale and five months after defendant became incarcerated. The record discloses that defendant's attempts to obtain a favorable preindictment plea bargain, perhaps in exchange for his cooperation with police, contributed to the delay following his arrest. In the year between the first drug sale and defendant's arrest, the police were engaged in an ongoing undercover narcotics investigation. This investigation included continuous pen registers and wiretaps on defendant's phones, and contact between undercover operatives and defendant. While the police were not able to achieve their ultimate goal of discovering defendant's supplier, the investigation ultimately led to the arrest and prosecution of several individuals connected to defendant. The People provided good cause for the delay through proof that they sought to maintain the integrity of an ongoing undercover investigation (*see People v Morris*, 25 AD3d 915, 916-917 [2006], *lv denied* 6 NY3d 851 [2006]; *People v Kirkley*, 295 AD2d 759, 760 [2002], *lv denied* 98 NY2d 711 [2002]).

Defendant alleged impairment of his ability to locate witnesses or establish an alibi due to the delay. He testified that he received letters regarding the destruction of video evidence and a private investigator he hired was unable to find any information due to the passage of time. But he failed to offer any documentary evidence or the investigator's testimony. He only supported his assertion with his own testimony, which County Court found less than credible. Thus, defendant failed to establish any prejudice due to the delay (*see People v Couch*, 186 AD2d 143, 144 [1992], *lv denied* 82 NY2d 805 [1993]).

Under the circumstances, defendant's constitutional speedy trial rights had not been violated as of the time counsel waived those rights. Because counsel did not give up any existing meritorious rights, the waiver did not constitute ineffective assistance. Accordingly, defendant's CPL 440.10 motion was properly denied.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed.