■ The People of the State of New York, Respondent, v Mark E. Ruise, Appellant. [926 NYS2d 754]—

Garry, J.

In April 2007, defendant sold cocaine to a confidential informant. In June 2008, based upon this sale, he was indicted for criminal sale of a controlled substance in the third degree, and was arrested and incarcerated shortly thereafter. Defendant moved to dismiss the indictment on due process grounds, based upon the delay of more than 13 months between the drug sale and his indictment. County Court denied the motion without a hearing. Defendant ultimately pleaded guilty to attempted criminal sale of a controlled substance in the third degree, and was sentenced to two years in prison with one year of postrelease supervision. Defendant appeals, arguing that the court erred in denying his motion to dismiss, and we affirm.*

A defendant is denied due process of law when an unreasonable preindictment delay occurs; if this delay is unjustified, dismissal of the indictment may be necessary, even where the defendant has not demonstrated actual prejudice as a result (*see People v Lesiuk*, 81 NY2d 485, 490 [1993]; *People v Morris*, 25 AD3d 915, 916 [2006], *lv denied* 6 NY3d 851 [2006]). However, the indictment will not be dismissed if the prosecution fulfills its burden to justify the delay by establishing good cause, even if the defendant has been prejudiced (*see People v Decker*, 13 NY3d 12, 14 [2009]; *People v Singer*, 44 NY2d 241, 254 [1978]). In reviewing both due process and speedy trial claims, the relevant factors include "the extent of the delay, reason for the

---

* Defendant's argument survives his guilty plea (*see People v Laboy-Vega*, 78 AD3d 1422, 1422 [2010], *lv denied* 16 NY3d 832 [2011]; *People v McCorkle*, 67 AD3d 1249, 1250 [2009]).

delay, nature of the underlying charges, any extended pretrial incarceration and any indications of prejudice or impairment to the defense attributable to the delay" (*People v Garcia*, 46 AD3d 1120, 1120-1121 [2007], *lv denied* 10 NY3d 863 [2008]; *see People v Vernace*, 96 NY2d 886, 887 [2001]; *People v Taranovich*, 37 NY2d 442, 445 [1975]).

Here, the delay was 13 months and 23 days between the crime and the indictment. The People provided several reasons for the delay, including protection of the confidential informant, other time-consuming investigations by local and state police officers and possible additional drug purchases from defendant. The underlying charge is a class B felony. Defendant was not imprisoned until after the grand jury's indictment. Although defendant claims that his ability to establish an alibi was hampered by the delay, we note that he was able to provide the names of four alibi witnesses, and addresses for three of them, and find no significant impairment (*see People v Decker*, 13 NY3d at 15; *People v Garcia*, 46 AD3d at 1121). As County Court noted, defendant's inability to remember the particulars of the day in question was not significantly increased by the length of the delay. We therefore find that County Court properly denied defendant's motion to dismiss (*see People v Staton*, 297 AD2d 876, 877 [2002], *lv denied* 99 NY2d 565 [2002]).

Finally, County Court did not err in denying the motion without a hearing. Contrary to defendant's contention, there were no material issues regarding the asserted reasons for the delay requiring factual findings (*see People v Coffaro*, 52 NY2d 932, 934 [1981]; *People v Rodriguez*, 210 AD2d 104 [1994], *lv denied* 84 NY2d 1037 [1995]; *see also People v Lomax*, 50 NY2d 351, 359 [1980]).

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.