■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMARION ARCHIE, Appellant. [983 NYS2d 358]—Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 13, 2012, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was found in possession of a razor blade while incarcerated at the Gouverneur Correctional Facility in St. Lawrence County in November 2010, but he was not arraigned on a sealed indictment for promoting prison contraband in the first degree until January 2012. He pleaded guilty to a reduced charge and was sentenced as a second felony offender to a negotiated prison term to be served consecutively to the sentence for which he was then incarcerated. He now appeals, and we affirm.

While defendant's argument that the pre-arraignment delay violated his constitutional right to a speedy trial survives his guilty plea and waiver of appeal, it is unpreserved because he failed to raise it before County Court (see People v Bancroft, 23 AD3d 850, 851 [2005], lv denied 6 NY3d 752 [2005]; People v Alger, 23 AD3d 706, 706 [2005], lv denied 6 NY3d 845 [2006]). Were we to consider the speedy trial issue, we would find it to be without merit (see People v Weatherspoon, 86 AD3d 792, 792 [2011], lv denied 17 NY3d 905 [2011]; People v Striplin, 48 AD3d 878, 879-880 [2008], lv denied 10 NY3d 871 [2008]; People v Hernandez, 42 AD3d 657, 662 [2007]).

Defendant also argues that his counsel's failure to raise the issue amounts to ineffective assistance, but we cannot entertain this argument because he failed to make an appropriate postallocution motion and the alleged failure of counsel is not related to the voluntariness of his plea (see People v Speranza, 96 AD3d 1164, 1165 [2012]; People v Golgoski, 43 AD3d 551, 552 [2007]). In any event, inasmuch as the speedy trial issue is without merit, defense counsel's failure to raise it cannot be ineffective assistance (see People v Weatherspoon, 86 AD3d at 793; People v Alger, 23 AD3d at 707).

Peters, P.J., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.