(August 10, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON GERALD, Appellant. [61 NYS3d 173]—

McCarthy, J.P. Appeals (1) from a judgment of the County Court of Greene County (Pulver Jr., J.), rendered February 7, 2012, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree, and (2) by permission, from an order of said court (Tailleur, J.), entered January 27, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In February 2010, while an inmate at Greene Correctional Facility, defendant was accused of assaulting a correction officer by, among other things, placing him in a choke hold. Approximately 14 months later, in April 2011, defendant was indicted on two counts of assault in the second degree. Defendant subsequently pleaded guilty to one count of attempted assault in the second degree and was sentenced, as a second felony offender, to 1½ to 3 years in prison, to run consecutively

to his original sentence. Defendant subsequently moved pursuant to CPL article 440 to vacate the judgment of conviction, contending that, among other things, he was denied the effective assistance of counsel due to counsel's failure to move to dismiss the indictment on speedy trial grounds. County Court (Tailleur, J.) denied the motion to vacate, without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his motion to vacate.

Defendant initially contends that his constitutional right to a speedy trial was denied as a result of the 14-month delay between the February 2010 alleged assault and his April 2011 indictment. Although defendant's claim survives both his guilty plea and his waiver of the right to appeal (*see People v Lanfranco*, 124 AD3d 1144, 1145 [2015], *lv denied* 25 NY3d 1203 [2015]), it is unpreserved as he failed to raise it before County Court (Pulver Jr., J.) prior to his plea (*see People v Archie*, 116 AD3d 1165, 1165 [2014]). In any event, the contention is without merit. Certainly, "[a]n unreasonable and unjustified indictment delay violates a defendant's due process rights and may result in dismissal of the indictment, even when no prejudice results" (*People v Alexander*, 127 AD3d 1429, 1430 [2015], *lv denied* 25 NY3d 1197 [2015]; *see People v Lesiuk*, 81 NY2d 485, 490 [1993]). Here, the People failed to provide an adequate explanation for the 14-month delay (*see People v Lanfranco*, 124 AD3d at 1145); however, we note that delays of similar lengths have been found not to violate a defendant's right to due process (*see People v Williams*, 120 AD3d 1526, 1527 [2014] [14-month delay], *lv denied* 24 NY3d 1090 [2014]; *People v Ruise*, 86 AD3d 722, 723 [2011] [13-month delay], *lv denied* 17 NY3d 861 [2011]; *People v Hernandez*, 42 AD3d 657, 662 [2007] [14-month delay]). Moreover, in determining the reasonableness of such a delay in a particular case, we consider not only the length of and proffered explanation for the delay, but also the nature of the underlying charge, whether there has been an extended period of incarceration and whether there was any impairment to the defense attributable to the delay (*see People v Romeo*, 12 NY3d 51, 55 [2009], *cert denied* 558 US 817 [2009]; *People v Taranovich*, 37 NY2d 442, 445 [1975]). Here, the nature of defendant's charges were unquestionably serious (*see People v Weatherspoon*, 86 AD3d 792, 793 [2011], *lv denied* 17 NY3d 905 [2011]) and, although defendant was incarcerated during the relevant time period, his imprisonment related to a prior felony conviction and therefore did not impose any additional burden on his liberty (*see People v Morris*, 25 AD3d 915, 917 [2006], *lv denied* 6 NY3d 851 [2006]). Nor did defendant otherwise establish that his defense was

impaired as a result of the subject delay. Accordingly, under the circumstances presented, we find that defendant was not denied due process (*see People v Archie*, 116 AD3d at 1165; *People v Hernandez*, 42 AD3d at 662).

We likewise find unavailing defendant's related claim that, based on the record and evidence submitted on his CPL 440.10 motion, he was denied the effective assistance of counsel as a result of counsel's failure to move for dismissal of the indictment on speedy trial grounds (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Bond*, 110 AD3d 1366, 1367 [2013], *lv denied* 22 NY3d 1197 [2014]). Counsel's failure to pursue a motion that had little or no chance of success is not a valid basis for finding that he was ineffective (*see People v Caban*, 5 NY3d at 152; *People v Garrow*, 147 AD3d 1160, 1162 [2017]). Further, a review of the record reveals that defendant's counsel conducted discovery, engaged in pretrial motion practice, secured a beneficial plea offer and negotiated a minimum sentence for defendant. Accordingly, reviewing the proceedings as a whole, we find that defendant received meaningful representation (*see People v Stultz*, 2 NY3d 277, 283 [2004]; *People v Ramey*, 123 AD3d 1290, 1291 [2014], *lv denied* 25 NY3d 953 [2015]).

Egan Jr., Lynch, Rose and Mulvey, JJ., concur. Ordered that the judgment and order are affirmed.