People v Shufelt (2018 NY Slip Op 03775)





People v Shufelt


2018 NY Slip Op 03775


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

108390

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RYAN P. SHUFELT, Appellant.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Martin J. McGuinness, Saratoga Springs, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered March 23, 2016, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
In December 2015, defendant was charged by indictment with two counts of promoting prison contraband in the first degree. The charges stemmed from an incident that occurred in October 2014 while defendant was incarcerated at a state correctional facility, at which time two sharpened pieces of metal — each measuring approximately 10 inches in length — were found inside of defendant's boots. When defendant appeared for arraignment in February 2016, he was afforded the opportunity to plead guilty to the reduced charge of one count of attempted promoting prison
contraband in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 1½ to 3 years. The plea agreement included a waiver of defendant's right to appeal, which did not encompass "constitutional issues" or any violation of the stated sentencing commitment. Defendant, who had been released to parole supervision, thereafter pleaded guilty in accordance with the terms of the plea agreement and was sentenced to the contemplated term of imprisonment. Defendant now appeals.
Although defendant's claim that he was denied his constitutional right to a speedy trial "survives both his guilty plea and his waiver of the right to appeal," this argument is unpreserved for our review given defendant's failure to raise this issue before County Court in the first [*2]instance (People v Gerald, 153 AD3d 1029, 1030 [2017]; see People v Gardiner, 159 AD3d 1233, 1234 [2018]; People v Evans, 156 AD3d 1246, 1247 [2017]). Defendant's related assertion — that he was denied the effective assistance of counsel due to counsel's failure to move to dismiss the indictment based upon preindictment delay — is equally unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Gardiner, 159 AD3d at 1234; People v Archie, 116 AD3d 1165, 1165 [2014]). Upon our review of the record, we find that the narrow exception to the preservation requirement was not triggered (see People v Evans, 156 AD3d at 1247; People v Franklin, 146 AD3d 1082, 1084 [2017], lvs denied 29 NY3d 946, 948 [2017]). Accordingly, the judgment of conviction is affirmed.
Lynch, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.