People v Morris (2019 NY Slip Op 07812)





People v Morris


2019 NY Slip Op 07812


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

109536

[*1]The People of the State of New York, Respondent,
v
Denzel Morris, Also Known as Slum, Slum Guns and SG, Appellant.

Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.


Mitchell S. Kessler, Cohoes, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Milano, J.), rendered April 3, 2017 in Schenectady County, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts).
In February 2015, a confidential informant purchased cocaine from defendant during a controlled buy conducted by FBI agents and the City of Schenectady Police Department. In January 2016, defendant was charged by indictment with criminal sale of a controlled substance in the second degree and two counts of criminal possession of a controlled substance in the third degree. Defendant moved to dismiss the indictment, alleging that his due process rights were violated by the 11-month delay in commencing the prosecution; Supreme Court denied the motion without a hearing. Following a jury trial, defendant was convicted as charged. He was sentenced as a second felony offender to a prison term of nine years on the conviction for criminal sale of a controlled substance in the second degree, followed by five years of postrelease supervision, and to lesser concurrent terms on the remaining convictions.[FN1] Defendant appeals.
Defendant asserts that the 11-month delay between the crime and his indictment was unreasonably protracted because he was the only suspect, his identity and whereabouts were known to law enforcement and, in his view, there was no reason why the prosecution could not have been commenced immediately after the controlled transaction. "In assessing whether a defendant's constitutional right to a speedy trial has been violated by alleged preindictment delay, courts must consider the extent of the delay, the reason for the delay, the nature of the charges against the defendant, whether there has been an extended period of pretrial incarceration and whether the defense has been impaired by reason of the delay" (People v Williams, 163 AD3d 1283, 1285 [2018] [citations omitted], lv denied 32 NY3d 1069 [2018]; see People v Taranovich, 37 NY2d 442, 445 [1975]; see also People v Singer, 44 NY2d 241, 253-254 [1978]). We are mindful that "[a]n unreasonable and unjustified indictment delay violates a defendant's due process rights and may result in dismissal of the indictment, even when no prejudice results" (People v Alexander, 127 AD3d 1429, 1430 [2015], lv denied 25 NY3d 1197 [2015]; accord People v Gerald, 153 AD3d 1029, 1030 [2017]). Nevertheless, we find that defendant's due process rights were not violated.
Turning first to the extent of the 11-month delay in commencing the prosecution, comparable or longer delays have been found not to violate due process (see People v Lanfranco, 124 AD3d 1144, 1145 [2015], lv denied 25 NY3d 1203 [2015] [10 months]; People v Ruise, 86 AD3d 722, 723 [2011], lv denied 17 NY3d 861 [2011] [13 months and 23 days]; People v Smith, 60 AD3d 706, 707 [2009], lv denied 12 NY3d 859 [2009] [12 months]; People v Irvis, 301 AD2d 782, 783 [2003], lv denied 99 NY2d 655 [2003] [10 months]; People v Kirkley, 295 AD2d 759, 760 [2002], lv denied 98 NY2d 711 [2002] [12 months]). As for the reason for the delay, the People asserted that the investigation continued between the time of the controlled transaction and the indictment. Notably, defendant asserted in his motion to dismiss that, in August 2015, he rejected a request from law enforcement officers for his cooperation in exchange for leniency, indicating that an investigation in which defendant's cooperation could have been useful was still underway at that time. Defendant does not assert that the five-month period that elapsed after that request and before his indictment was unreasonable or protracted. The charges against defendant, which included a class A-II felony and two class B felonies, were serious, and defendant was not incarcerated at any time before his indictment. Although defendant makes a general assertion that the delay prejudiced his ability to investigate and present a defense, nothing in the record specifically demonstrates any prejudice (see People v Kirkley, 295 AD2d at 760). Moreover, by defendant's own account, and as mentioned above, it appears that he knew that he was a suspect as of the law enforcement request for his cooperation, only six months after the controlled transaction, when his memory of the incident and that of any potential witnesses were presumably more fresh. Accordingly, we find that defendant's constitutional speedy trial rights were not violated (see People v Gerald, 153 AD3d at 1030-1031; People v Lanfranco, 124 AD3d at 1144-1145; People v Irvis, 301 AD2d at 783-784).
Finally, as the record reveals no material issue of fact that would have warranted a hearing, Supreme Court did not err in summarily denying the motion to dismiss (see People v Lomax, 50 NY2d 351, 359 [1980]; People v Ruise, 86 AD3d at 723; People v Rodriguez, 210 AD2d 104, 104 [1994], lv denied 84 NY2d 1037 [1995]).
Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's sentence was negotiated following the verdict. Defendant allocuted to the crime and, in exchange for this sentence, waived his right to appeal all issues other than those addressed here.