People v Acevedo (2020 NY Slip Op 00648)





People v Acevedo


2020 NY Slip Op 00648


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

109991

[*1]The People of the State of New York, Respondent,
v
Efrain Acevedo III, Appellant.

Calendar Date: January 9, 2020

Before: Garry, P.J., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Adam W. Toraya, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Albany County (Young, J.), rendered December 18, 2017, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.
On June 14, 2016, June 30, 2016 and August 4, 2016, a confidential informant, working with an investigator from the United States Drug Enforcement Administration, allegedly purchased crack cocaine from defendant during controlled buys arranged by a special agent with the Drug Enforcement Administration. On April 19, 2017, defendant was charged by indictment with criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the second degree. The charges stemmed from the controlled buys that took place on June 14, 2016 and June 30, 2016.[FN1] In June 2017, defendant filed an omnibus motion seeking, among other things, to dismiss the indictment, alleging that his due process rights were violated by the delay in commencing the prosecution. Following a combined Rodriguez/Singer hearing (see People v Rodriguez, 79 NY2d 445 [1992]; People v Singer, 44 NY2d 241 [1978]), as well as the submission of a posthearing brief by defendant, County Court denied, in an October 2017 decision and order, that portion of the motion seeking dismissal of the indictment due to preindictment delay. As part of a negotiated disposition resolving the charged and uncharged offenses that resulted from the investigation, defendant pleaded guilty to criminal sale of a controlled substance in the second degree and waived his right to appeal. Consistent with the plea agreement, County Court sentenced him, as a second felony offender, to 9½ years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was not knowing, intelligent and voluntary. The minutes of the plea proceeding reflect that, at the outset of the plea proceeding, defendant was advised that a waiver of the right to appeal was a condition of the plea agreement, and defendant verbalized his understanding that he was required to waive his right to appeal as part of the agreement and stated that he agreed to do so (see People v Snare, 174 AD3d 1222, 1222 [2019], lv denied 34 NY3d 984 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]; People v Koontz, 166 AD3d 1215, 1216 [2018], lv denied 32 NY3d 1206 [2019]). County Court then explained to defendant the nature of his appellate rights and, in doing so, advised him that his appellate rights were "[s]separate and apart and independent" from the trial-related rights that he was automatically forfeiting by pleading guilty and confirmed that defendant had discussed the waiver with his attorney and that he had no further questions regarding the waiver of appeal (see People v Chaney, 160 AD3d 1281, 1282-1283 [2018], lv denied 31 NY3d 1146 [2018]; People v Savage, 158 AD3d 854, 855 [2018]; People v Empey, 144 AD3d 1201, 1202-1203 [2016], lv denied 28 NY3d 1144 [2017]). Defendant, after consulting with counsel, also signed a written waiver of appeal in open court — which stated that defendant was waiving his right to appeal in consideration of the plea agreement and any issues regarding the negotiated sentence being harsh and excessive — and County Court confirmed that defendant understood the written waiver and that he had reviewed it with his attorney (see People v Thacker, 173 AD3d 1360, 1361 [2019], lv denied 34 NY3d 938 [2019]; People v Greene, 171 AD3d 1407, 1408 [2019]; People v Stebbins, 171 AD3d 1395, 1396 [2019], lv denied 33 NY3d 1108 [2019]). Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, intelligent and voluntary (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Cannelli, 173 AD3d 1567, 1568 [2019]; People v Thacker, 173 AD3d at 1360-1361; People v Koontz, 166 AD3d at 1216). Given defendant's valid waiver of appeal, he is foreclosed from now challenging the agreed-upon sentence as harsh and excessive (see People v Lopez, 6 NY3d at 256; People v Thacker, 173 AD3d at 1361; People v O'Neill, 172 AD3d 1778, 1779 [2019], lv denied 34 NY3d 953 [2019]).
Defendant's claim that his guilty plea was not knowingly, voluntarily and intelligently entered survives the waiver of appeal (see People v Mais, 168 AD3d 1142, 1143 [2019]), but it is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Williams, 27 NY3d 212, 214 [2016]; People v Conceicao, 26 NY3d 375, 381 [2015]; People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied 32 NY3d 937 [2018]). Moreover, contrary to defendant's contention, defendant's statements at sentencing — including alleged and unspecified inconsistencies and ministerial errors in discovery material and other paperwork, which he claimed were belatedly provided to him by counsel — did not negate an essential element of the crime or otherwise cast significant doubt upon his guilt so as to trigger the narrow exception to the preservation requirement (see People v Tyrell, 22 NY3d 359, 364 [2013]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Joubert, 155 AD3d 1255, 1256 [2017], lv denied 30 NY3d 1116 [2018]).
Defendant also challenges County Court's denial of his motion to dismiss the indictment on constitutional speedy trial grounds, a contention that survives both defendant's guilty plea and his waiver of the right to appeal (see People v Williams, 163 AD3d 1283, 1285 [2018], lv denied 32 NY3d 1069 [2018]; People v Gerald, 153 AD3d 1029, 1030 [2017]). "'In assessing whether a defendant's constitutional right to a speedy trial has been violated by alleged preindictment delay, courts must consider the extent of the delay, the reason for the delay, the nature of the charges against the defendant, whether there has been an extended period of pretrial incarceration and whether the defense has been impaired by reason of the delay'" (People v Morris, 176 AD3d 1502, 1503 [2019], quoting People v Williams, 163 AD3d at 1285 [citations omitted]; see People v Taranovich, 37 NY2d 442, 445 [1975]). Although "[a]n unreasonable and unjustified indictment delay violates a defendant's due process rights and may result in dismissal of the indictment, even when no prejudice results" (People v Alexander, 127 AD3d 1429, 1430 [2015], lv denied 25 NY3d 1197 [2015]; accord People v Morris, 176 AD3d at 1503; People v Gerald, 153 AD3d at 1030), "no one factor or combination of the factors . . . is necessarily decisive or determinative of the speedy trial claim, but rather the particular case must be considered in light of all the factors as they apply to it" (People v Taranovich, 37 NY2d at 445; accord People v Williams, 163 AD3d at 1285). Upon consideration of the factors and the record before us, we find that defendant's due process rights were not violated by the preindictment delay.
Turning first to the extent of the delay between the time of defendant's last alleged criminal activity in August 2016 and his indictment in April 2017, we note that an eight-month delay has been deemed to be "comparatively brief for speedy trial considerations" (People v Allende, 206 AD2d 640, 642 [1994], appeal dismissed 84 NY2d 921 [1994]), and comparable or longer delays have been found not to violate due process (see People v Morris, 176 AD3d at 1504 [11 months]; People v Williams, 163 AD3d at 1285 [nine months]; People v Ruise, 86 AD3d 722, 723 [2011], lv denied 17 NY3d 861 [2011] [13 months and 23 days]; People v Flagg, 30 AD3d 889, 891-892 [2006], lv denied 7 NY3d 848 [2006] [seven months]; People v Irvis, 301 AD2d 782, 783 [2003], lv denied 99 NY2d 655 [2003] [10 months]). Regarding the reason for the delay, defendant contends, among other things, that his prosecution should have commenced shortly after August 2016 when the investigation of his criminal activity concluded following the final controlled transaction and when he surrendered himself to the custody of the Department of Corrections and Community Supervision to begin serving a prison term for an unrelated drug conviction. The People, however, advance multiple reasons justifying the delay. The record reflects that the special agent continued to investigate a potential coconspirator of defendant for at least two more months after defendant's incarceration with the intent of pursuing a conspiracy prosecution and discerning the supplier of the drugs (see People v Morris, 176 AD3d at 1503; People v Mitchell, 192 AD2d 494, 495 [1993], lv denied 82 NY2d 723 [1993]). The special agent also had originally intended to pursue federal drug trafficking charges in lieu of bringing the charges in state court (cf. People v Morris, 25 AD3d 915, 917 [2006], lvs denied 6 NY3d 851, 853 [2006]; People v Chilli, 227 AD2d at 103). The special agent's testimony further justified the delay by the need to protect the anonymity of the confidential informant from defendant and any of his associates (see People v Ruise, 86 AD3d at 723).
As to the nature of the charges, the charges against defendant were serious, as they included a class A-I felony and a class A-II felony, and we decline defendant's invitation to characterize the class A-II felony that he was convicted of as a "simplistic" crime (see People v Morris, 176 AD3d at 1504; People v Williams, 163 AD3d at 1286; People v Ruise, 86 AD3d at 723). In addition, defendant's August 2016 incarceration, which occurred prior to the filing of the indictment and continued during the underlying proceedings, "was not due to the present offense but because he was already serving time on another crime" (People v Allende, 206 AD2d at 642; see People v Williams, 163 AD3d at 1286; People v Gerald, 153 AD3d at 1030; People v Morris, 25 AD3d at 917). Finally, contrary to his contention, defendant has failed to demonstrate actual prejudice or to make a persuasive showing that his defense in this matter was impaired by the delay (see People v Williams, 163 AD3d at 1283; People v Gerald, 153 AD3d at 1030-1031; People v Mitchell, 192 AD2d at 495). Under the circumstances presented here and upon weighing all of the requisite factors, we find that defendant was not denied due process by the alleged preindictment delay in this case. Accordingly, County Court properly denied defendant's motion to dismiss the indictment on this basis (see People v Morris, 176 AD3d at 1504; People v Ruise, 86 AD3d at 723; People v Brown, 262 AD2d 419, 420 [1999]).
Garry, P.J., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The alleged controlled buy that took place on August 4, 2016 was not charged.