People v Lende (2021 NY Slip Op 00211)





People v Lende


2021 NY Slip Op 00211


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

110967

[*1]The People of the State of New York, Respondent,
v
Lynda Lende, Appellant.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Veronica Reed, Schenectady, for appellant.
Susan J. Mallery, District Attorney, Howes Cave (Kevin P. Mallery of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered September 12, 2018, convicting defendant upon her plea of guilty of the crime of criminal possession of marihuana in the fourth degree.
Defendant was charged with criminal possession of marihuana in the first degree and unlawful growing of cannabis after law enforcement discovered marihuana plants growing in her residence. Following the denial of defendant's pretrial motions, defendant entered an Alford plea to the reduced charge of criminal possession of marihuana in the fourth degree and was required, as part of the plea agreement, to execute a waiver of appeal. On the same day that she pleaded guilty, defendant was sentenced to a one-year conditional charge and a monetary fine. Defendant appeals. We affirm.
Defendant contends that her motion to dismiss the indictment should have been granted because she was denied her constitutional right to a speedy trial. As an initial matter, we note that this contention survives defendant's appeal waiver and guilty plea regardless of their validity (see People v Acevedo, 179 AD3d 1397, 1399 [2020]; People v Irvis, 90 AD3d 1302, 1303 [2011], lv denied 19 NY3d 962 [2012]). That said, whether defendant was denied her constitutional right to a speedy trial due to preindictment delay requires the consideration of five factors: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charges; (4) any extended period of pretrial incarceration; and (5) any impairment of defendant's defense" (People v Lanfranco, 124 AD3d 1144, 1145 [2015] [internal quotation marks and citations omitted], lv denied 25 NY3d 1203 [2015]; see People v Taranovich, 37 NY2d 442, 445 [1975]; People v Acevedo, 179 AD3d at 1399). Even accepting defendant's premise that the preindictment delay was 15 months, such fact by itself is not dispositive given that longer periods of delay have not been found to be constitutionally infirm (see e.g. People v Pitt, 43 AD3d 1248, 1249 [2007], lv denied 9 NY3d 1008 [2007] [almost 18-month delay]; People v Arrington, 31 AD3d 801, 802 [2006], lvs denied 7 NY3d 865, 868 [2006] [almost 16-month delay]). Taking into account that defendant was charged with, among other things, criminal possession of marihuana in the first degree, a class C felony, the fact that defendant was not incarcerated prior to being indicted and the lack of prejudice to defendant, defendant's constitutional right to a speedy trial was not violated (see People v Tuper, 118 AD3d 1144, 1146 [2014], lv denied 25 NY3d 954 [2015]; People v McCorkle, 67 AD3d 1249, 1250-1251 [2009]).
Defendant also asserts that, as a consequence of her counsel rendering ineffective assistance, she felt rushed into pleading guilty. Preliminarily, we note that this claim, given that it impacts the voluntariness of her plea, survives defendant's appeal waiver regardless of its validity (see People v Carroll, 172 AD3d 1821, 1821[*2][2019], lv denied 34 NY3d 929 [2019]). We additionally note that it does not appear that defendant made a postallocution motion to withdraw her plea on this ground, thereby rendering her claim unpreserved (see People v Horton, 173 AD3d 1342, 1343 [2019], lv denied 34 NY3d 932 [2019]; People v White, 172 AD3d 1822, 1823-1824 [2019], lv denied 33 NY3d 1110 [2019]). Because, however, "defendant pleaded guilty and was sentenced in the same proceeding," she did not have the practical opportunity to make a timely postallocution motion (People v Griffin, 165 AD3d 1316, 1317 [2018]). Under these circumstances, defendant's claim is properly before us.
As to the merits, the record belies defendant's contention that she was rushed into pleading guilty. Furthermore, defendant does not dispute that she received a favorable result and admitted during the plea proceeding that she was satisfied with counsel's representation. Viewing counsel's representation in its entirety, defendant was not deprived of meaningful representation (see People v Briggs, 138 AD3d 1355, 1356 [2016], lv denied 28 NY3d 927 [2016]; People v Salaman, 293 AD2d 874, 875 [2002]). Defendant's remaining contentions have been considered and are unavailing.
Garry, P.J., Egan Jr., Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.