People v Chaney (2021 NY Slip Op 04932)





People v Chaney


2021 NY Slip Op 04932


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

111027
[*1]The People of the State of New York, Respondent,
v
Ushawn Chaney, Also Known as Kane, Appellant.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Robert N. Gregor, Lake George, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (M. Caruso, J.), rendered September 28, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In December 2017, defendant was charged in a six-count indictment with various drug-related crimes stemming from conduct occurring in September 2016. Defendant thereafter moved to, among other things, dismiss the indictment, contending that he had been denied his constitutional right to a speedy trial. Following a hearing, County Court denied defendant's motion to dismiss the indictment, finding, among other things, that upon due consideration of all of the relevant factors, defendant was not denied due process. Thereafter, defendant pleaded guilty — in full satisfaction of the indictment — to one count of criminal sale of a controlled substance in the third degree, waived his right to appeal and was sentenced to a prison term of three years followed by two years of postrelease supervision. Defendant appeals, arguing only that County Court erred in denying his motion to dismiss the indictment due to preindictment delay.
Although defendant's due process argument survives both his unchallenged waiver of the right to appeal and his guilty plea (see People v Lende, 190 AD3d 1110, 1110 [2021], lv denied 36 NY3d 1121 [2021]; People v Acevedo, 179 AD3d 1397, 1399 [2020]; People v Shufelt, 161 AD3d 1451, 1451-1452 [2018], lv denied 32 NY3d 1008 [2018]) and was preserved for our review by his motion to dismiss the indictment upon this ground (compare People v Alger, 23 AD3d 706, 706 [2005], lv denied 6 NY3d 845 [2006]), we find it to be lacking in merit. "In assessing whether a defendant's constitutional right to a speedy trial has been violated by alleged preindictment delay, courts must consider the extent of the delay, the reason for the delay, the nature of the charges against the defendant, whether there has been an extended period of pretrial incarceration and whether the defense has been impaired by reason of the delay" (People v Williams, 163 AD3d 1283, 1285 [2018] [citations omitted], lv denied 32 NY3d 1069 [2018]; accord People v Acevedo, 179 AD3d at 1399; People v Morris, 176 AD3d 1502, 1503 [2019], lvs denied 34 NY3d 1131, 1132 [2020]; see People v Regan, 196 AD3d 735, ___, 2021 NY Slip Op 04161, *1 [2021]; People v Avera, 192 AD3d 1382, 1383 [2021], lv denied 37 NY3d 953 [2021]). Although "[w]e are mindful that an unreasonable and unjustified indictment delay violates a defendant's due process rights and may result in dismissal of the indictment, even when no prejudice results" (People v Morris, 176 AD3d at 1503 [internal quotation marks, brackets and citation omitted]), the case law makes clear that "no one factor or combination of the factors . . . is necessarily decisive or determinative of the speedy trial claim" (People v Taranovich, 37 NY2d 442, 445 [1975]). Rather, we must consider all of the factors [*2]as they apply to the case at hand (see id. at 445; People v Acevedo, 179 AD3d at 1400; People v Williams, 163 AD3d at 1285).
With respect to the length of preindictment delay (approximately 14 months), we have found similar — or even longer — periods of delay to pass constitutional muster (see People v Lende, 190 AD3d at 1111 [alleged 15-month delay], citing People v Pitt, 43 AD3d 1248 [2007], lv denied 9 NY3d 1008 [2007] [almost 18-month delay] and People v Arrington, 31 AD3d 801 [2006], lvs denied 7 NY3d 865, 868 [2006] [almost 16-month delay]). Importantly, the delay here was occasioned, in part, by ongoing investigations by different law enforcement agencies into another potential target — described as "a pretty big player in . . . narcotics dealing" — and the corresponding need to protect the identity of the confidential informant who conducted controlled buys with both defendant and the other potential target (see People v Acevedo, 179 AD3d at 1400-1401). The charges against defendant were serious, consisting of class B and C felonies, and defendant readily acknowledges in his appellate brief that he was not incarcerated prior to being indicted and that "there is no evidence that [he] was impaired by the pretrial delay" (see People v Alger, 23 AD3d at 707). Under these circumstances, we conclude that defendant's constitutional right to a speedy trial was not violated (see People v Lende, 190 AD3d at 1111; People v Morris, 176 AD3d at 1503-1504). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.