People v Rivera (2022 NY Slip Op 00218)





People v Rivera


2022 NY Slip Op 00218


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

110832 112632
[*1]The People of the State of New York, Respondent,
v
Calvin Rivera, Appellant.

Calendar Date:November 22, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Veronica Reed, Schenectady, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Franklin County (Richards, J.), rendered October 11, 2017, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree, and (2) by permission, from an order of said court (Champagne, J.), entered June 19, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged in a sealed indictment with one count of promoting prison contraband in the first degree. The indictment was unsealed at defendant's arraignment in July 2017, whereupon defendant was offered the opportunity to plead guilty to the reduced charge of attempted promoting prison contraband in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 1½ to 3 years — to be served consecutively to the sentence that he then was serving. The underlying plea agreement also required defendant to waive his right to appeal. When defendant inquired as to whether the contemplated term of imprisonment could run concurrently with the sentence he then was serving, County Court (Richards, J.) advised defendant that the sentence to be imposed "ha[d] to be served consecutively." Against that backdrop, defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing.
When defendant appeared for sentencing in September 2017, defendant renewed his request that the contemplated prison term run concurrently with his undischarged sentence, and the matter was adjourned for approximately three weeks to permit the parties to ascertain whether a concurrent prison term was permissible. After defense counsel agreed that a consecutive term of imprisonment was required and defendant indicated that he was ready to proceed, County Court sentenced defendant as a second felony offender to the agreed-upon prison term of 1½ to 3 years — to be served consecutively to the prison term he then was serving.
In January 2019, defendant filed a pro se motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction alleging that he received the ineffective assistance of counsel due to counsel's failure to, among other things, move for dismissal of the indictment due to preindictment delay. County Court (Champagne, J.) denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.
We affirm. Defendant's challenge to the validity of his waiver of the right to appeal lacks merit. County Court (Richards, J.) explained the separate and distinct nature of the right to appeal and expressly delineated the rights that survived such waiver (see People v Mirel, 194 AD3d 1198, 1199 [2021] People v Pribble, 190 AD3d 1194, 1195 [2021]). Additionally, defendant executed a written waiver in open court and assured the court that he had read the waiver[*2], understood its contents and had no questions relative thereto (see People v Pribble, 190 AD3d at 1195; People v Wickwire, 166 AD3d 1170, 1171 [2018], lv denied 32 NY3d 1211 [2019]). As such, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal.[FN1]
Any assertion that defendant was denied his statutory right to a speedy trial is precluded by defendant's valid waiver of the right to appeal (see People v Votaw, 190 AD3d 1162, 1164 [2021], lv denied 36 NY3d 1101 [2021]). Defendant's related claim — that his constitutional right to a speedy trial was violated — "survives both his guilty plea and appeal waiver" (People v McCorkle, 67 AD3d 1249, 1250 [2009]; see People v Acevedo, 179 AD3d 1397, 1399 [2020]) but is unpreserved for our review due to defendant's failure to raise this before County Court in the first instance (see People v Votaw, 190 AD3d at 1164; People v Grays, 179 AD3d 1149, 1150 [2020]; People v Gerald, 153 AD3d 1029, 1030 [2017]; People v Evans, 156 AD3d 1246, 1247 [2017]; People v Bennett, 143 AD3d 1008, 1010 [2016]). Were we to address this claim in the context of defendant's CPL 440.10 motion before County Court (Champagne, J.) (see People v Young, 190 AD3d 1087, 1093 [2021], lvs denied 36 NY3d 1100, 1102 [2021]), we would not be persuaded, upon due consideration of the relevant factors (see People v Chaney, 197 AD3d 1359, 1360 [2021], lvs denied 37 NY3d 1059, 1060 [2021]; People v Lende, 190 AD3d 1110, 1110-1111 [2021], lv denied 36 NY3d 1121 [2021]), that defendant's rights in this regard were violated. Notably, the roughly 12-month delay at issue here was not unreasonable, and "we have found similar — or even longer — periods of delay to pass constitutional muster" (People v Chaney, 197 AD3d at 1361, citing People v Lende, 190 AD3d at 1111 [alleged 15-month delay], and People v Pitt, 43 AD3d 1248, 1249 [2007], lv denied 9 NY3d 1008 [2007] [almost 18-month delay], and People v Arrington, 31 AD3d 801, 802 [2006], lvs denied 7 NY3d 865, 868 [2006] [almost 16-month delay]).
Defendant next contends that he received the ineffective assistance based upon counsel's failure to file a written motion seeking the deferral of the applicable surcharge and fees following sentencing, as well as counsel's subsequent failure to submit an affidavit in support of defendant's pro se CPL 440.10 motion. "The alleged failure of defense counsel to pursue a postjudgment motion does not impact the voluntariness of the plea and, therefore, such challenge is precluded by the waiver of the right to appeal" (People v Archer, 171 AD3d 1404, 1405 [2019] [citations omitted], lv denied 33 NY3d 1066 [2019]). In any event, "counsel cannot be faulted for failing to pursue or, in this case, support a motion that had little chance of success" (People v Pittman, 166 AD3d 1243, 1246 [2018], lv denied 32 NY3d 1176 [2019]; see People v Rosario, 157 AD3d 988, 993 [2018], lv denied 31 NY3d 1121 [2018]). Defendant's remaining [*3]arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: Defendant's present assertion — that the validity of the waiver was undermined by his belief that the sentence to be imposed could run concurrently with, rather than consecutively to, the sentence he then was serving — is belied by the plea colloquy, wherein County Court very clearly advised defendant that the sentence to be imposed "ha[d] to be served consecutively" to the prison term defendant then was serving — a point that was reiterated at the time of sentencing.